UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal No.  05-396 (RCL) |
| | : | |
| CHRISTOPHER HARRISON, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF AND REQUEST FOR EVIDENTIARY HEARING

Defendant, Christopher Harrison, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth amendment to the United States Constitution, to suppress at trial all evidence seized by law enforcement agents as the fruit of his illegal stop, search, and arrest.   This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.  An evidentiary hearing on this motion is respectfully requested.

### STATEMENT OF FACTS[1]

On October 2, 2005, the Defendant was stopped by Metropolitan Police Department officer Lytle while walking in the 800 block of Yuma Street, S.E.. According to officer Lytle, the Defendant was stopped because the Defendant was seen running in an area in which gun fire had been reported.  Officer Lytle chased after the Defendant, grabbed him and threw him to the ground.  As the Defendant was thrown to the ground by Officer Lytle, a handgun allegedly fell

---

[1]   This statement of facts is a summary based on the P.D. 163 police report, and other information provided by the government to the Defendant during discovery.  By including in this motion the facts as alleged by government , the Defendant does not in any way concede that these facts are accurate or true.

from the Defendant's pants. The Defendant was then placed under arrest for possessing the handgun.

## SUMMARY OF ARGUMENT

Because the Officer Lytle did not have reasonable articulable suspicion to detain the Defendant, all fruits of the illegal detention must be suppressed including all physical evidence allegedly recovered from the Defendant.

## ARGUMENT

### I. ALL EVIDENCE SEIZED FROM THE DEFENDANT MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL

A warrantless arrest of an individual is unconstitutional unless the government establishes that the arrest was supported by probable cause. Hayes v. Florida, 470 U.S. 811 (1985); Royer, 460 U.S. at 500; United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." Halliman, 923 F.2d at 881 (citing Green, 670 F.2d at 1152). A seizure exists when a reasonable person in the defendant's position would not feel free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). Though not all seizures rise to the level of a full-blown arrest, police officers must nevertheless have a reasonable, articulable suspicion to justify even a more limited investigatory stop. See Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Here, the government cannot adduce sufficient sworn testimony at a hearing to

demonstrate that the officers had reasonable suspicion to stop the Defendant. By stopping the Defendant and throwing him to the ground, the Officer Lytle executed a stop of the Defendant. Yet, at the hearing, the government will be unable to provide articulable facts giving Officer Lylte reasonable suspicion to conduct the stop of the Defendant. As a result, any evidence seized and any statements made subsequent to and as a result of the stop must be suppressed as fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. at 471, 484-85 (1963).

## II. THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE ARREST OF THE DEFENDANT

As discussed above, the Defendant asserts that his warrantless stop, search and seizure violated the Fourth Amendment. In such cases, the government has the burden of showing probable cause for a warrantless arrest. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized the Defendant justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). An evidentiary hearing will show that there was no legal basis to stop the Defendant. The government does not allege any reason for the stop of the Defendant other than the Defendant operating a car with a defective taillight. That allegation not being supported by the evidence to be adduced at a hearing on this matter, the stop of the Defendant and all that flowed therefrom was improper. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such

circumstances, the Defendant requests that any evidence seized or obtained as a result of the search of his car be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963) (concerning suppression of evidence derived from initial improper police conduct).

    WHEREFORE, for the foregoing reasons, and for any which may become apparent at a hearing on this motion, it is urged that this Court grant this Motion to Suppress.

    Respectfully submitted,
    A.J. KRAMER
    Federal Public Defender


        /s/


    DAVID W. BOS.
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W., Suite 550
    Washington, DC  20004
    (202) 208-7500

**CERTIFICATE OF SERVICE**

  I, David W. Bos., Assistant Federal Public Defender, hereby certify that a copy of the motion has been served upon Catherine Connelly, Esquire, Assistant United States Attorney.


/s/
_____
    DAVID W. BOS
    Assistant Federal Public Defender

**DATE:**