UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 05-396 (RCL) |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER HARRISON | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to suppress physical evidence. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

    The defendant has been charged in one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The government expects evidence presented at any hearing on this matter to establish that on October 2, 2005, at approximately 3:15 a.m., a priority radio run was broadcast to Metropolitan Police Officers regarding shots being fired in the area of 8th Street, SE, and Yuma Street, SE, in Washington, DC. Police officers responded to that area to investigate. Officer Alvin Lytle responded to the area within minutes of hearing the radio run. Upon arriving in the area Officer Lytle heard sounds in the wooded area behind 821 Yuma Street, SE. Officer Lytle directed his spotlight into the woods, at which time he saw the defendant, dressed all in black, running through the woods towards 822 Barnaby Street, SE. There were no other individuals in the area. Officer Lytle

asked the defendant to stop, but the defendant ignored the officer's request. Officer Lytle chased the defendant through the woods until the defendant reached a wrought iron fence in front of 822 Barnaby Street, SE. At that point the defendant tried to climb the fence. Officer Lytle again asked the defendant to stop and put his hands in the air, and the defendant again ignored the request. The defendant continued to try to climb the fence, at which point a struggle ensued. During that struggle the defendant became tangled in the fence, and a black 9 mm Beretta handgun fell from the defendant's waistband.

## Argument

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200 (2002). See also Florida v. Royer, 460 U.S. 491, 497 (1983) (plurality opinion); Florida v. Rodriguez, 469 U.S. 1, 5-6 (1984) (per curiam) (holding that such interactions in airports are "the sort of consensual encounter[s] that implicat[e] no Fourth Amendment interest"). "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification . . . ." Drayton, 546 U.S. at 201. Here, the officers actually had a basis for suspecting the defendant, as he was the only individual out in an area moments after gunshots were reported, he immediately ran when the police arrived on scene, and he ignored the police officer's request that he stop.

Furthermore,

> [t]he Fourth Amendment does not require a policeman who lacks
> the precise level of information necessary for probable cause to
> arrest to simply shrug his shoulders and allow a crime to occur or a

> criminal to escape. On the contrary, <u>Terry</u> recognizes that it may be the essence of good police work to adopt an intermediate response. . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.

<u>Adams v. Williams</u>, 407 U.S. 143, 144 (1972). Applying that premise to the situation now before the Court, the officers adopted an "intermediate response" when they attempted to conduct such a stop of the defendant.

In this case, the defendant had not been "seized" until after he had dropped the firearm. The Supreme Court held that a suspect is not seized for Fourth amendment purposes unless and until the suspect complies with the police show of authority. <u>California v. Hodari D.</u>, 499 U.S. 621, 627 (1991) (person who discards or disavows ownership of evidence in anticipation of a police seizure is generally treated as having abandoned it). In <u>Hodari D.</u>, a group of youths fled an approaching police car. After the officers gave chase, one youth failed to acquiesce to the officer's request to stop. When the officer was "almost upon him," the suspect tossed "what appeared to be a small rock." <u>Id.</u> At 623. Once the officers recovered this abandoned property and discovered that it contained crack cocaine, they arrested the suspect. <u>Id.</u> Because the youth was not subjected to actual physical force and did not accede to the display of police authority, the Supreme Court upheld the arrest, finding that there was no seizure until after the drugs had been abandoned. <u>Id.</u> In short, "<u>Hodari D</u>. makes clear that, even when a 'reasonable person' would have believed that he was not 'free to leave' pursuant to an officer's injunction to stop, a defendant may not rely on such a 'show of authority' to exclude evidence if he failed to submit to the officer's assertion of authority." <u>United States v. Wood</u>, 981 F.2d 536, 539 (D.C. Cir. 1992);

see also  United States v. Washington, 12 F.3d 1128, 1132 (D.C. Cir. 1994).

Application of Hodari D. to the facts of this case leads unmistakably to the same conclusion.  In the case now before the Court, a Metropolitan Police Officer came upon the defendant in an area in which gunshots were reported only moments before.  There was no one else in the area, and the defendant was dressed in dark clothing and running through the woods.  The police officer asked the defendant to stop.  The defendant did not accede to the request of the police officer, and fled.  During the ensuing pursuit, the defendant dropped the gun at issue here.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court deny the defendant's motion to suppress physical evidence.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

Catherine K. Connelly
Assistant United States Attorney
Mass. Bar No. 649430
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 616-3384
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, David Bos, this 13th day of , 2006.

_____
Catherine Connelly
Assistant United States Attorney