# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-396 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER HARRISON** | : | |

## GOVERNMENT'S PROPOSED  VOIR DIRE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following proposed voir dire.

## PROPOSED VOIR DIRE

Introduction

Good morning, Ladies and gentlemen, I am Judge Royce C. Lamberth, and I will be the presiding judge in this case.  You have been called to the courtroom for possible selection as jurors in a criminal case entitled United States v. Christopher Harrison.  Mr. Harrison is charged with an offense that I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we will proceed.

## [SWEARING IN]

The procedure of jury selection is called the voir dire process, and the object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. During this voir dire process, you will be introduced to all of the participants in the trial and I will ask you a series of questions.

The words <u>voir</u> <u>dire</u> are a legal term which comes from the French language and means to speak truthfully, and the origin of <u>voir</u> <u>dire</u> helps explain its purpose. It is the time at the beginning of a trial when a jury is selected and when I will ask you some questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to speak truthfully in response to those questions.

Now, as I just said, the reason for asking the questions is to help the parties and the Court select a jury that will be fair and impartial, that will make a decision based only on the evidence presented in the courtroom, and that will follow my instructions and will be fair to both sides.

You should have a little card and a pencil, hopefully. I would ask, if you haven't done so, that on one side of the card you put your juror number. As I go through each of these questions, if your answer is yes or if you think you have some information to provide in response to the question, just write down the number of the question. So don't write all of them down, just write down the ones for which you answer yes and have some information to provide to the court and counsel.

I will go through each question very carefully. If you want me to repeat it, please raise your hand. If you want me to go over it again because you didn't hear or understand it, please raise your hand.

Also as we go through this, if you remember information in response to an earlier question and you can't remember the number, there is sort of a catchall question at the end so you can just put that one down and then we can go back over what other information you have. The card is used just as a reminder for you of which questions you answered "yes" to when I went through them all.

We're going to be asking you, from your perspective, what may appear to be some personal questions to attempt to get your viewpoints about things, and it's important that you be very straightforward with us and tell us your views.  Your responses  will make it easier for us to be able to select a jury.  So I would hope that you would not view this as being intrusive.  It is something that's important for counsel and for the Court to consider in deciding who should be on the panel in terms of whether people are going to be able to be impartial.  You will not have to discuss your answers in front of everyone in court; at the end of the process I will be calling each of you to the bench one by one, where we will discuss your answers individually.

## STATEMENT OF THE CASE

This is a criminal case.   Defendant Christopher Harrison is charged  with Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.   The government alleges that this occurred on or about October 2, 2005, in front of 822 Barnaby Street, SE, in Washington, DC, where the defendant is alleged to have been in possession of a black 9 mm Beretta handgun and ammunition.

## VOIR DIRE QUESTIONS

1.      Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2.      I am Judge Lamberth, and I will be the presiding judge in this case.  Assisting me are Monte Keller, the Deputy Clerk; _____,  the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____.  Do you know or think that you recognize any of us?

3.      The United States is represented in this case today by Assistant United States Attorney Catherine Connelly.  Do you know or think that you recognize the prosecutor?  The attorney representing Mr. Harrison is Attorney David Bos.    Do you know or think that you recognize Mr. Bos?

4.      Mr. Harrison lives in the 1200 block of I Street, S.E.    Do you know or think that you recognize the defendant, Mr. Christopher Harrison?

5.      Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or around the neighborhood?  Please take a look around to be sure.

6.      The government alleges that the events set forth in the indictment occurred in the area of the 800 block of Yuma Street, SE, and in the area of  822 Barnaby Street, SE, in Washington, DC .   Do you live near, work near, or have anything other than a general familiarity with this location?

7.      a)      The government may call some or all of the following persons as

witnesses, who Ms. Connelly will now identify. Not all of these witnesses will necessarily

testify. Do you know or think that you recognize any of these proposed witnesses?

        b)     The defense may call some or all of the following persons as witnesses,

whom Mr. Bos will now identify, although the defense is not required to call any witnesses. Do

you know or think that you recognize any of these proposed witnesses?

        8.     In a criminal trial, the defendant does not need to testify, call any witnesses, or

produce any evidence whatsoever to prove his or her innocence. Would you have any difficulty

at all in applying this principle of law?

        9.     A fundamental principle of our legal system is that when a person is charged with

a criminal offense, he is presumed to be innocent. The presumption of innocence can only be

overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you

have any difficulty at all in applying this principle of law?

        10.    Because Mr. Harrison is presumed innocent, he need not testify, nor offer any

evidence. Would you view his and his attorney's decision not to put on evidence, as evidence of

guilt?

        11.    To reach a verdict, every juror must agree on the verdict. That is, any verdict

must be unanimous. In deliberations you must consider the opinions and points of your fellow

jurors. In the final analysis, however, you must follow your own conscience and be personally

satisfied with any verdict.

        a) Would you have any difficulty at all in expressing your own opinions and

thoughts about this case to your fellow jurors?

        b) Do you feel that you would tend to go along with the majority of jurors, even if

you did not agree, just because you were in the minority?

12.     Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that any of you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

13.     Have you ever served on a Grand Jury?

    [*Follow-up at the bench: Do you understand that the level of proof for conviction at trial is different from the level of proof required to indict? Would you have any difficulty at all in applying the correct standard as I define it for you at the close of this case?*]

14.     Have you ever served as a juror in a criminal case in a federal court, a District of Columbia court, or in a court located somewhere else?

    [*Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in each case? Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?*]

15.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security or other law enforcement agencies. Please also answer "yes" to this question if you (or

any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

16.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office?  That can include the Department of Justice, a United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia, or any state, county, or district attorney's office.  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

17.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench:  What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

18.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case?  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives)  have ever applied for a job with any such individual or organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

19.    Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training?  This would include law school, paralegal training, or any post-graduate legal training.

20.    Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer?  Please also answer "yes" to this question if you (or any of your household members or

close friends and relatives) have ever applied for a job at any such organization, or are planning
to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect
your ability to serve as a juror in this case, especially if issues were to arise concerning the
credibility of police officers or law enforcement officers, or defense witnesses? Would that
experience affect your ability to be fair and impartial in this case? Would it otherwise make it
difficult for you to sit as a juror in this case?]*

21.     Have you ever belonged to or participated in any crime prevention groups, such as
neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

22.     Have you (or any of your household members or close friends and relatives) ever
had an experience with law enforcement, prosecutors, police officers, or the court or court
system, including traffic violations, that would make it difficult for you to be a fair and impartial
juror in this case?

23.     Do you, because of the reported crime situation in D.C. or because of the reported
incarceration rate in D.C., think that your own concerns or feelings would make it difficult to
consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

24.     The offenses in this case involve the alleged unlawful possession of illegal
firearms. Do you feel that, because of the nature of the charges in this case, it might be difficult
for you to sit as a juror?

25.     Do you have an opinion or feeling about the possession of firearms, or laws
dealing with the possession of firearms, that would make it difficult to render a fair and impartial
verdict based solely upon the evidence presented during the trial, such as a belief that firearm

possession should be legalized?

26.     Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?  For purposes of this question, do not include minor traffic violations.

27.     This trial is expected to last approximately three days; the length of deliberations is determined by the jury itself.  Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

28.     Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

29.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

30.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

31.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language?  Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

32.     Is there any reason or issue, not already raised, that might interfere with your

ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

33.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides,  and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

That is it for the questions.  If anyone did not hear a question completely, or needs to have it explained or repeated, please raise your hand.


Final Remarks

We know roughly how many jurors we need to talk to in order to have the 12 jurors plus the alternates, including strikes from counsel.  And so what I will do is talk to as many people as I need to in order to make sure that I have a sufficient number of jurors.  So it may be that we will not need to talk to everybody.  I'll be bringing you up one by one.  If I don't need to talk to you -- in other words, if I have a sufficient pool to make a selection of the jury, then we will stop at that point, shorten this process and get through it as quickly as we can.

Now what we're going to do is bring you up to the bench here one by one with your  card.  We will go over the information that you've listed, and have a discussion with you about it.

What I would ask is that if you need to use facilities, you can go outside, they can direct you to them.  But please come back promptly.  Don't wait around out in the hall.  Certainly don't leave the courthouse.  What happens is sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you.  So it's important that if you go out, use the facilities, please come back into the courtroom

promptly.

Now, I would ask that you not speculate about the case.  I would ask that if you have information that you're going to be providing me, please don't discuss it with your fellow jurors so that you don't create problems for them by telling them something that may excuse you and then may wind up having to excuse them.

You can talk among yourselves, get to know your fellow jurors.  This is a nice opportunity to do that.  It's a nice cross-section of our community to be able to talk together, get to know your neighbors.  There is no problem with that.

What I also ask is that if you do get up, that you look at whoever is on either side of you and where you are -- we put you in order according to the list so we know who you are -- and I ask that you go back to the same seat.  Just make sure that you go back to the same place so we keep you in the order that we have you on the list and don't take you out of order.

Now, whether you go outside the courtroom to use facilities or if we wind up taking a lunch break, if you run into any of the witnesses that were introduced to you, I'd ask that you not stop and talk to them about anything.  If you're seen talking to them I need to make an inquiry to make sure you are not talking about the case.  You are not allowed to talk about the case.  You're not allowed to ask them any questions about the case at all.

That goes for the attorneys as well.  If you see them out in the hall, cafeteria, wherever, please don't talk to them.  Again, if you're seen talking to them, even if you're not talking about the case, I still need to make an inquiry.  It takes a lot of extra time.  It will prolong this whole process.  If you are talking about the case, then it definitely creates a problem and I'm instructing you that you are <u>not</u> to discuss the case.

We want you to come here without getting additional information from somebody else.
That way, if you're chosen as a juror you'll be making your decision based on the evidence that's
going to be presented to you in the courtroom.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____

Catherine K. Connelly
Assistant United States Attorney
Major Crimes Section, Mass.  Bar No. 649430
555 4th Street, N.W.  #4844
Washington, DC 20001
Phone: 616-3384; Fax: 353-9414

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney
for the defendant, David Bos, this 22nd day of February, 2006.

_____

Catherine Connelly
Assistant United States Attorney